ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Curtis Jue ) | ASBCA No. 61542 |
| ) | |
| Under Contract No. N6247311RP00035 ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Curtis Jue

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
     Navy Chief Trial Attorney
     Karrin H. Minott, Esq.
     Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PAGE ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Mr. Curtis Jue (lessee or appellant) appeals the termination of his lease for agricultural purposes with the Department of the Navy (Navy or government). The government moves for summary judgment, asserting that it had the right to terminate the lease at any time. We have jurisdiction under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109. The government's motion is granted.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. The Navy and the lessee executed Contract No. N6247311RP00035 (lease) on December 16, 2010 (R4, tab 2 at 90). The lease provided the lessee use of approximately 358 acres of farmland onboard the Naval Air Station Lemoore, California, at an annual rent of $36,183.69, for the period beginning January 1, 2011, and ending on December 31, 2018 (*id.* at 69).

2. The lease included the following relevant clause:

**12) TERMINATION BY GOVERNMENT:**

a) The GOVERNMENT shall have the right to terminate the LEASE, at any time, without prior notice, and regardless of any lack of breach by LESSEE of any of the terms and conditions of this LEASE. In the event of termination for any reason not involving a breach by LESSEE of the terms and conditions of the LEASE the GOVERNMENT shall make an equitable adjustment of

any advance rentals paid by the LESSEE hereunder. In the event that the GOVERNMENT shall elect to terminate this LEASE on account of the breach by LESSEE of any of the terms and/or conditions of this LEASE, no adjustment in advance rentals paid by LESSEE shall be made, and the GOVERNMENT shall be entitled to recover and LESSEE shall pay the GOVERNMENT:

> (1) The costs incurred in resuming possession of the LEASED PROPERTY.
>
> (2) The costs incurred in performing any obligation on the part of LESSEE to be performed hereunder.
>
> (3) An amount equal to the aggregate of all rents, Long Term Maintenance Obligation and charges assumed hereunder and not theretofore paid or satisfied, less the net rentals, if any, collected by the GOVERNMENT on the reletting of the LEASED PROPERTY, which amounts shall be due and payable at the time when such rents, obligations and charges would have accrued or become due and payable under this LEASE.

(R4, tab 2 at 76) (Hereinafter referred to as clause 12)[*]

3. By letter dated June 21, 2017, the government provided the lessee a copy of an inspection report performed on the leased premises on May 22, 2017. The inspection report documented lack of compliance with various portions of the lease and provided 10 maintenance activities the lessee was advised to perform to cure the noted defects. (R4, tabs 25, 25.1, 25.2)

4. By letter dated August 7, 2017, the government issued a show cause notice to the lessee, citing inspections of the leased premises on July 21, 2017 and August 2, 2017, and alleging that prior-noted noncompliant conditions remained. The government informed the lessee that it was considering terminating the lease for default under clause 12 of the lease. The notice provided the lessee the opportunity to present in writing, any facts bearing on the noted non-compliance within 10 calendar

---

[*] Although we grant the government's motion to dismiss, we express no opinion as to the government's monetary recovery as that is not before us.

2

days of receipt. (R4, tabs 26, 26.1, 26.2) Appellant received, but did not respond to, the notice (compl. at 1).

5. By letter dated January 24, 2018, the government issued a notice of termination for breach of lease to the lessee. The notice of termination cited the letter dated June 21, 2017, notice of non-compliance, and the letter dated August 7, 2017, notice to show cause, as justification for termination of the lease. (R4, tabs 29, 29.1, 29.2)

6. By letter dated February 19, 2018, received by the Board on February 22, 2018, appellant filed this timely appeal.

## DECISION

The government moves for summary judgment, asserting that there are no material facts in dispute and it is entitled to judgment as a matter of law because clause 12 of the lease provided it the unequivocal right to terminate the lease at any time, without notice, regardless of any breach by the lessee. In his response to the government's motion, appellant concedes that he does not dispute the government's right to terminate the lease at any time. Appellant states that he is part of a small, family-owned operation, which was unable to always manage the maintenance required in the lease, but that their status as a lessee since the 1970's should be taken into consideration in reversing the termination of the lease.

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987); *Arko Executive Services, Inc. v. United States*, 553 F.3d 1375, 1378 (Fed. Cir. 2009); *see also* FED. R. CIV. P. 56(a). A material fact is one that might affect the outcome of an appeal. *Revenge Advanced Composites*, ASBCA No. 57111, 11-1 BCA ¶ 34,698 at 170,883 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We draw all justifiable inferences in favor of the nonmoving party. *CI², Inc.*, ASBCA Nos. 56257, 56337, 11-2 BCA ¶ 34,823 at 171,353 (citing *Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010)).

The government has met its burden of proving that the basic termination was proper. Appellant does not dispute that the Navy had the right to terminate the lease at any time under clause 12, nor does appellant dispute any other material fact proposed by the Navy. The Board notes appellant's contentions that, as a small, family-owned farming operation, there are certain logistical limitations they may have experienced during their time as a lessee with the Navy. However, that does not alter the

3

undisputed terms of the lease, nor raise a genuine issue of material fact sufficient to defeat summary judgment.

CONCLUSION

The government's motion for summary judgment is granted and the appeal is denied.

Dated: March 7, 2019

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals


I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61542, Appeal of Curtis Jue, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4